The affidavit sets forth: First, that the persons to be examined were officers of the Greene Consolidated Copper Company; second, that a majority of the stock of the Cobre Grande Company is owned by the defendants, and that company is controlled by said defendants; third, that plaintiff has been unable to ascertain the name of any officer of the Cobre Grande Company upon whom process can be served, and the Greene Consolidated Copper Company has refused any information; fourth, that the testimony of the persons mentioned in the order is material and necessary to plaintiff, in order that she may ascertain the names of the officers of the Cobre Grande Company upon whom service of a summons in this action may be made. In short, plaintiff desires to examine the officers of one defendant, not for use upon the trial, nor to prove any allegation of the complaint, but to find out upon whom she can serve a summons, in order to bring another defendant into jurisdiction. We are aware of no provision of statute, and are referred to none, authorizing an examination for that purpose; and it was distinctly held in Dudley v. N. Y. Filter Mfg. Co., 80 App. Div. 164, 80 N. Y. Supp. 529, that such an examination could not be held merely to enable a party to prepare for trial, but only when it fairly appears that it is the intention of the party to use the examination upon the trial. Here the contrary distinctly appears.

There is no force in the suggestion that the refusal of the justice who made the order for examination to vacate it ex parte was a bar to this motion made on notice. It is true that when appellants applied ex parte for the vacation of the order to the justice who granted it, they were instructed by him to invite the respondent's attorney to submit his views, and, as courtesy required, they did informally inform their opponents that such ex parte application was pending and would be considered by the justice at a certain time. This did not suffice, however, to turn the motion into one made on notice. The application remained none the less an ex parte one, and the order denying the application, whatever its form, can only be regarded as an ex parte order, not conclusive upon the appellant as a bar to a formal motion to the court upon proper notice.

The order must be reversed, with $10 costs and disbursements, and the motion to vacate granted, with $10 costs. All concur.

---

(118 App. Div. 697)

PRINCE LINE, Limited, v. JOHN C. SEAGER CO.

(Supreme Court, Appellate Division. First Department. April 5, 1907.)

EQUITY—REFERENCE—ACCOUNT—HEARING AND INTERLOCUTORY DECREE.

In an equitable action between a principal and agent, where the matter in issue is the basis of commissions to which the agent is entitled under its agreement of agency, and the facts of a fiduciary relation and an obligation to account and that a balance owing the agent are all admitted, a trial of the main issue should first be had before the court, and then, if an accounting is necessary, it may be provided for in the interlocutory decree.

Appeal from Special Term, New York County.

Action by the Prince Line, Limited, against the John C. Seager Company, impleaded with the Corn Exchange Bank. From an order

for a compulsory reference, defendant Seager Company appeals. Order reversed, and motion for accounting denied.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN, CLARKE, and SCOTT, JJ.

Ullo, Ruebsamen & Yuzzoline (Lorenzo Ullo, of counsel), for appellant.

J. Parker Kirlin (John M. Woolsey and Orville C. Sanborn, on the brief), for respondent.

CLARKE, J. This is an action in equity to adjudge that certain funds on deposit with the defendant bank in the name of and to the credit of the defendant John C. Seager Company be adjudged and determined to be the funds of plaintiff, and to compel an accounting by the defendant company of the moneys received or collected by it in its capacity as agent for the plaintiff.

From an examination of the papers in the case it appears that the real controversy between the plaintiff and the defendant company, its admitted agent, is as to the basis of the commissions to which the defendant is entitled under its agreement of agency. The fiduciary relation is admitted, the obligation to account is admitted, and a balance due and owing to the plaintiff is admitted by the defendant to be in its hands or under its control. The terms of the agreement being once established, and the basis upon which commissions are to be allowed being ascertained, it is quite possible that there will be no necessity for an accounting. Under such circumstances it is the rule in equitable actions that a trial of the main issue should first be had before the court, and this issue being disposed of, and it then appearing that an accounting is necessary, it may be provided for in the interlocutory decree.

The order appealed from should therefore be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.

---

(118 App. Div. 662)

### PIERCE, BUTLER & PIERCE MFG. CO. v. AMERICAN BONDING CO. of BALTIMORE et al.

(Supreme Court, Appellate Division, First Department. April 5, 1907.)

1. MECHANICS' LIENS—DISCHARGE—BOND BY OWNER—ACTION ON BOND.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Mechanics' Liens, § 411.]

2. SAME—ENFORCEMENT—REMEDIES.

